UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONNIE MING,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_____/

Case No. 14-cv-14643

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

**OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS [20], ACCEPTING THE REPORT AND RECOMMENDATION [18], GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [14], DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [15], AND REMANDING THE CASE FOR FURTHER CONSIDERATION**

**I. INTRODUCTION**

Connie Ming ("Ming" or "Plaintiff") brought this action against the Commissioner of Social Security ("the Commissioner" or "Defendant") pursuant to U.S.C. § 405(g) on December 9, 2014. *See* Dkt. No. 1. In the Complaint, Ming challenged the Commissioner's final decision denying her application for disability benefits under the Social Security Act. *Id.* This Court referred the matter to Magistrate Judge Mona K. Majzoub on December 9, 2014. *See* Dkt. No. 4.

Plaintiff filed a Motion for Summary Judgment on April 30, 2015. *See* Dkt. No. 14. Defendant filed a Motion for Summary Judgment on May 22, 2015. *See* Dkt. No. 15. The Magistrate Judge issued a Report and Recommendation on September 24, 2015. *See* Dkt. No. 18. Magistrate Judge Majzoub recommended that the Plaintiff's Motion for Summary Judgment be granted, Defendant's Motion for Summary Judgment be denied, and that the case be remanded for further consideration. *See id.* at 12.

The Defendant filed an Objection to the Report on October 13, 2015. *See* Dkt. No. 20. Plaintiff filed a Reply on October 26, 2015. *See* Dkt. No. 21. The Court will **OVERRULE** the objection, and **ACCEPT** Magistrate Majzoub's Report and Recommendation.

## II. STANDARD OF REVIEW

Where a party has objected to portions of a Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review of those portions. *See* Fed. R. Civ. P. 72(b); *Lyons v. Comm'r of Soc. Sec.,* 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). In reviewing the findings of the ALJ, the Court is limited to determining whether the ALJ's findings are supported by substantial evidence and made pursuant to proper legal standards. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."); *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234, 241 (6th Cir. 2007).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lindsley v. Comm'r of Soc. Sec.,* 560 F.3d 601, 604 (6th Cir. 2009); *see also McGlothin v. Comm'r of Soc. Sec.,* 299 F. App'x 516, 522 (6th Cir. 2008) (recognizing that substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (internal quotations omitted).

"If the Commissioner's decision is supported by substantial evidence, we must defer to that decision, 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Longworth v. Comm'r of Soc. Sec. Admin.,* 402 F.3d 591, 595 (6th Cir. 2005)). "It is of course

for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers,* 486 F.3d at 247.

Only those objections that are specific are entitled to a *de novo* review under the statute. *See Mira v. Marshall,* 806 F.2d 636, 637 (6th Cir.1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). "A non-specific objection, or one that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge and results in a duplication of effort on the part of the district court[.]" *Carter v. Comm'r of Soc. Sec.*, No. 13-12745, 2014 WL 6750310, at *6-7 (E.D. Mich. Dec. 1, 2014) (citing *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991), for the proposition that "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless.").

### III. DISCUSSION

**1. Objection No. 1: The ALJ properly considered the GAF scores**

The Defendant argues that the Magistrate Court erred when it ruled "(1) that the ALJ had to provide a copy of the Diagnostic and Statistical Manual (the "DSM") to Plaintiff, and (2) that the ALJ was not allowed to find certain GAF scores inconsistent with the record." Dkt. No. 20 at 3. Defendant argues that "[i]t was not necessary" to provide the DSM because the ALJ only cited to it for "informational purposes." *Id.* at 3-4. Defendant further argues that ALJs are allowed to discount Global Assessment of Functioning ("GAF") scores, and that there is no "substantive difference between discounting a GAF score and finding it 'inaccurate.'" *Id.* at 4. The Court finds it necessary to only address the latter argument.

Defendant's principle argument, that "the ALJ may discount GAF scores," *id.*, is overly broad. The Sixth Circuit has held that "the ALJ may not substitute his own medical judgment for that of the treating physician where the opinion of the treating physician is supported by the medical evidence." *Meece v. Barnhart*, 192 F. App'x 456, 465 (6th Cir. 2006). Further, the Sixth Circuit has also held that the ALJ alone is not in a position to determine whether a treating physician has come to a credible conclusion. *See id.* ("While the ALJ may have prescribed different pain medication than that prescribed by Plaintiff's doctors, this decision is beyond the expertise of the ALJ and is not a legitimate basis for an adverse credibility determination."); *see also Simpson v. Commisioner of Social Security*, 344 F. App'x 181, 194 (6th Cir. 2009) ("In the instant case, the ALJ's statements as to the implausibility of Dr. Bonyo's findings constitute a medical judgment the ALJ was not qualified to make."). Typically, the ALJ must have an alternative source of medical evidence before making such a determination. *McCain v. Dir., Office of Workers Comp. Programs*, 58 F. App'x 184, 193 (6th Cir. 2003) ("[t]he ALJ must have a medical reason for preferring one physician's conclusion over another's.").

The Defendant attempts to use *Richardson v. Comm'r of Social Sec.*, 570 F. App'x 537 (6th Cir. 2014) as authority for their argument. Dkt. No. 20 at 4. But even this case cuts against them. There, the Sixth Circuit held the ALJ "properly considered the *medical opinion evidence* and other evidence in the record" before ruling. *Richardson,* 586 F. App'x at 538 (emphasis added). The Sixth Circuit was referring to the medical opinion evidence of another medical professional. *Id.*("The ALJ reasonably gave little weight to the medical opinion of Ms. Fabiano because she is not a physician and her conclusion . . . conflicted with other substantial evidence in the record, including . . . Fabiano's own treatment notes, and Dr. Pinaire's opinion."). The

-4-

*Richardson* decision never stood for the position that the ALJ could discount medical opinions based on the ALJ's own interpretation of a medical treatise.

Here, the treating physician's opinion was not given controlling weight. "Instead of giving Dr. Tejero's opinions a clear weight and explaining his rationale for that weight, the ALJ analyzes Dr. Tejero's GAF diagnoses, relies on them in part, rejects others, acknowledges that Dr. Tejero has a substantial treatment relationship with Plaintiff, and then gives his opinions little weight because they are not consistent with the record." Dkt. No. 18 at 11; s*ee also* TR 24-27. Essentially the ALJ took upon the task of reviewing the Plaintiff's symptoms, and deciding whether to credit or discount specific opinion's made by the treating physician based on the DSM. In effect, the ALJ's "findings constitute a medical judgment the ALJ was not qualified to make." *Simpson*, 344 F. App'x at 194.

### IV. CONCLUSION

For the reasons discussed above, the Court **HEREBY OVERRULES** Defendant's Objection, **ACCEPTS** Magistrate Judge Majzoub's Report and Recommendation [18]; Plaintiff's Motion for Summary Judgment [14] is **GRANTED**; and Defendant's Motion for Summary Judgment [15] is **DENIED**. This matter will be remanded for further consideration of Plaintiff's mental impairments in light of Dr. Tejero's opinions, as discussed herein.

IT IS SO ORDERED.

Dated: December 8, 2015 /s/Gershwin A Drain  
Detroit, MI HON. GERSHWIN A. DRAIN  
United States District Court Judge